FILED
OCT 8 2003
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

2003 OCT -8 A 11: 14

| | |
|---|---|
| WAYNE BLACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTON NO.: CV-03-F-734-N |
| v. ) | |
| ) | "DEMAND FOR JURY TRIAL" |
| LAMAR GLOVER, et. al., ) | |
| ) | |
| Defendants. ) | |

## SPECIAL REPORT AND ANSWER

Come now Defendants, **SHERIFF LAMAR GLOVER, COMMANDER-JAIL OPERATIONS WALTER L. BOWERS and SGT. KIM TURNER**, in the above styled cause and for Answer to Plaintiff's Complaint, state as follows:

1. As to Paragraph 1 of Plaintiff's Complaint, said Defendants assert that at this time they are without personal knowledge or information sufficient to form a belief as to the truth of the averments.

2. As to Paragraph 2 of Plaintiff's Complaint, Defendants assert that at this time they are without personal knowledge or information sufficient to form a belief as to the truth of the averments.

3. As to Paragraph 3 of Plaintiff's Complaint, said Defendants deny that the constitutional rights of Plaintiff have been violated and demand strict proof thereof.

4. As to Paragraph 4 of Plaintiff's Complaint, Defendants deny that Plaintiff's constitutional rights have been violated at any time.

5. As to Paragraph 5 of Plaintiff's Complaint, Defendants deny that Plaintiff's Constitutional rights have been violated. Defendant asserts that while in the Houston County Jail, Plaintiff has never been wrongly deprived of a right protected by the United States Constitution and the court decisions interpretive thereof. For more complete factual information regarding Plaintiff's Complaint and Defendants' response thereto, please refer to the **Affidavits of Walter L. Bowers, Commander-Jail Operations, Nurse Practitioner Darla Speigner, Sheriff Lamar Glover and Sgt. Kim Turner, which are attached hereto as Exhibits "A" , "B", "C" and "D" respectively.**

6. As to Paragraph 6 of Plaintiff's Complaint, Defendants assert that the Plaintiff is not entitled to any relief from this Court as there has been no violation, constitutional or otherwise.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint, or alternatively portions thereof, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Any allegations of Plaintiff's Complaint not explicitly admitted herein are denied and strict proof is demanded to support such allegations.

### THIRD DEFENSE

The plaintiff's complaint alleges claims for declaratory and injunctive relief which are now moot as the plaintiff is no longer incarcerated in the Houston County Jail. The plaintiff was taken

into the State of Alabama prison system on or about September 8, 2003.

## FOURTH DEFENSE

Many of the plaintiff's claims involve declaratory and injunctive relief. Because the plaintiff is no longer incarcerated in the Houston County Jail, such claims are moot and are due to be dismissed. See *County of Los Angeles v. Davis*, 440 U.S. 625 (1979); *Cotterall v. Paul,* 755 F.2d 777 (11th Cir. 1985).

## FIFTH DEFENSE

Plaintiff is not entitled to any award of punitive damages.

## SIXTH DEFENSE

Defendants assert that cities and counties are absolutely immune from punitive damages under §1983. **City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981).**

## SEVENTH DEFENSE

Plaintiff is not entitled to any relief requested in the Complaint.

## EIGHTH DEFENSE

There is no causal relation between the acts of the defendants and any injury or damage allegedly suffered by the Plaintiff.

## NINTH DEFENSE

Defendants affirmatively aver that all of their actions were taken in good faith.

## TENTH DEFENSE

The allegations contained in Plaintiff's Complaint against the defendants, sued in their individual capacity, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. See **Oladeinde v. City of Birmingham,**

963 F.2d 1481, 1485 (11th Cir. 1992); <u>Arnold v. Board of Educ. of Escambia County</u>, 880 F.2d 305, 309 (11th Cir. 1989).

### ELEVENTH DEFENSE

Defendants affirmatively deny any and all alleged claims by the Plaintiff concerning his alleged deprivation of civil rights.

### TWELFTH DEFENSE

All state claims that may be asserted by the Plaintiff against Defendants in their official capacity are barred because the Eleventh Amendment to the United States Constitution prohibits federal courts from hearing state law claims against state officials under the Doctrine of Pendant Jurisdiction. <u>Pennhurst State School and Hospital v. Halderman</u>, 465 U.S. 89, 117-121 (1984).

### THIRTEENTH DEFENSE

All federal claims against Defendants in their official capacity are barred by the Eleventh Amendment of the United States Constitution.

### FOURTEENTH DEFENSE

In addition to Defendants' Eleventh Amendment argument, they further contend that they are not "persons" within the meaning of **42 U.S.C. § 1983**. The Plaintiff, by suing Defendants in their official capacity, is seeking damages from the State of Alabama. Neither a state, nor its officials, as sued in their official capacities are "persons" under **42 U.S.C. § 1983**. <u>Will v. Michigan Dept. of State Police</u>, 109 S.Ct. 2304, 2312 (1989) and <u>Hafer v. Melo</u>, 502 U.S. 21, 22-23 (1991).

### FIFTEENTH DEFENSE

Said Defendants assert the defense of qualified immunity. Further, said Defendants plead the privileges, qualified immunities, absolute immunities, defenses and good faith immunities given

to officers of the law, governmental entities or otherwise in the above styled cause. Said Defendants state that any action taken by them was made in good faith and in the performance of their duty as Sheriff, Deputy Sheriff or Corrections Officer.

### SIXTEENTH DEFENSE

Said Defendants assert and plead the defense of substantive immunity under the law of the State of Alabama.

### SEVENTEENTH DEFENSE

Alabama law provides tort or other remedies for the allegations made by Plaintiff herein and such remedies are constitutionally adequate.

### EIGHTEENTH DEFENSE

Said Defendants assert and plead sovereign immunity provided by **Alabama Constitution 1901, §14.**

### NINETEENTH DEFENSE

Defendants assert that Plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and request this Court pursuant to 42 U.S.C. Section 1988 to award said Defendants reasonable attorneys fees and costs incurred in the defense of this case.

### TWENTIETH DEFENSE

Defendants assert that the allegations within the Complaint and the facts as will be developed are insufficient to invoke the jurisdiction of this Court.

### TWENTY-FIRST DEFENSE

Said Defendants assert that mere negligence or medical malpractice is insufficient to state

a claim. See **Rogers v. Evans**, 792 F.2d 1052 (11th Cir. 1986).

## TWENTY-SECOND DEFENSE

Plaintiff's Complaint does not allege a violation of rights secured by the United States Constitution.

## TWENTY-THIRD DEFENSE

Defendants plead and assert the statutory immunity provided by Act of the Alabama Legislature, designated as **Act Number 94-640**, effective April 26, 1994, and Codified as **ALA CODE § 6-5-338,** which provides absolute immunity to all peace officers and governmental units.

## TWENTY-FOURTH DEFENSE

That the Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to **42 U.S.C. §1997e(a).** Specifically, Plaintiff has filed this lawsuit against Sheriff Glover, Commander Bowers and Sgt. Turner who are state officers without first exhausting his administrative remedies by filing a claim with and proceeding before the Alabama State Board of Adjustments as required by **ALA. CODE §41-9-60**; and Plaintiff has failed to adequately pursue the administrative remedies available to him in the Houston County Jail by virtue of the Grievances Procedures provided to the inmates therein.

## TWENTY-FIFTH DEFENSE

That the Prison Litigation Reform Act amendment to **42 U.S.C. §1997e©** mandates the dismissal of Plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks money damages from Defendants who are entitled to immunity.

## TWENTY-SIXTH DEFENSE

That the Plaintiff does not plead or otherwise specifically show a physical injury as required by **42 U.S.C. §1997e(e)** which provides that

> **"No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."**

## TWENTY-SEVENTH DEFENSE

That the Plaintiff failed to comply with **28 U.S.C. §1915** with respect to the requirements and limitations inmates must follow in filing in forma paupers actions in federal court.

## TWENTY-EIGHTH DEFENSE

That, pursuant to **28 U.S.C. §1915(f)**, Plaintiff be required to make payment for all court costs in this matter in the same manner as provided for filing fees in **28 U.S.C. §1915(a)(2)**.

## TWENTY-NINTH DEFENSE

Pursuant to **28 U.S.C. §1915A**, this court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from Defendants who are state officers entitled to immunity. These same standards are continued and provided for in **42 U.S.C. §1997e(c)**.

## THIRTIETH DEFENSE

Defendants assert that Plaintiff's claims for injunctive relief are due to be dismissed as Plaintiff no longer resides in the Houston County Jail. **County of Los Angeles v. Davis, 440 U.S. 625 (1979); Cotterall v. Paul, 755 F.2d 777 (11th Cir. 1985).**

## THIRTY-FIRST DEFENSE

Defendants adopt and assert all defenses set forth in the Alabama Medical Liability Act, Ala. Code §6-5-481, et seq., and §6-5-542, et seq.

## THIRTY-SECOND DEFENSE

Defendants plead the affirmative defense that the Plaintiff's complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render Defendants liable to the Plaintiff as required by §6-5-551 of the Ala. Code (1993).

**Defendants respectfully request this court to treat this Special Report and Answer as Motion for Summary Judgement.**

Respectfully submitted,

JACKSON, RHODES, SHERRER & TERRY, P.C.

_____
GARY C. SHERRER, ATTORNEY FOR
THE ABOVE REFERENCED DEFENDANTS
Alabama Attorney Code No. SHE-016

## JURY DEMAND

DEFENDANTS HEREBY DEMAND TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE AS PROVIDED BY LAW.

_____
GARY C. SHERRER, ATTORNEY FOR
THE ABOVE REFERENCED DEFENDANTS
Alabama Attorney Code No. SHE-016

OF COUNSEL:

JACKSON, RHODES, SHERRER & TERRY, P.C.
P. O. BOX 7122
DOTHAN, ALABAMA 36302
(334) 792-6213


## CERTIFICATE OF SERVICE

I, Gary C. Sherrer, do hereby certify that I have served a copy of the foregoing upon Mr. Wayne Black, c/o Houston County Jail, 164 North Oates Street, Dothan, Alabama 36301 by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this the 7th day of October, 2003.

OF COUNSEL

# EXHIBITS

# TO THIS

# DOCUMENT

# NOT SCANNED