IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WAYNE BLACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 1:03-CV-734-MEF-SRW |
| | ) |
| LAMAR GLOVER, *et al.,* | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a complaint filed under 42 U.S.C. § 1983 by Wayne Black ["Black"], a state inmate, against Lamar Glover, the sheriff of Houston County, Alabama, Walter Bowers, commander of jail operations for the Houston County Jail, and Kim Turner, a senior corrections officer at the jail, as defendants in this cause of action. In the complaint, Black contends that defendants Glover and Bowers acted with deliberate indifference to his safety when they failed to protect him from the use of excessive force. Black further complains that defendant Turner issued a citation against him for his assault on state and county officials during the incident based upon fabricated evidence with the approval of defendants Glover and Bowers. Finally, Black asserts that the defendants denied him adequate medical treatment for injuries suffered in the incident. He seeks monetary damages and termination of the defendants from their positions of employment with Houston County.

The defendants filed a special report and supporting evidentiary materials addressing

Black's claims for relief. Pursuant to an order entered in this case, the court deems it appropriate to treat this report as a motion for summary judgment. *See Order of October 15, 2003 - Court Doc. No. 13*. Thus, this case is now pending on the defendants' motion for summary judgment. Upon consideration of such motion, the evidentiary materials filed in support thereof and the plaintiff's response to the motion, the court concludes that the defendants' motion for summary judgment is due to be granted in part and denied in part.

## I. FACTS AND ALLEGATIONS

In March of 2003, the Houston County Jail experienced "problems with inmate contraband and inmate discipline . . ." *Defendant's Exhibit A - Affidavit of Walter L. Bowers* at 2. Based on the foregoing, defendant Bowers contacted a commander for one of the Critical Response Teams employed by the Alabama Department of Corrections to obtain assistance in controlling the flow of contraband into the Houston County Jail. *Id*. On July 1, 2003, officers with the Houston County Critical Response Team and a Critical Response Team for the Alabama Department of Corrections entered the jail to perform searches for contraband. Members of the state team escorted Black from his cell to conduct the requisite search. Black asserts that at this time and without justification the state officers slammed him to the floor, banged his face on floor, hit him in the right eye, jumped on his back with their knees and sprayed mace into his eyes. *Plaintiff's Complaint* at 2. Black complains that defendants Glover and Bowers "watch[ed] the hold (sic) incident" without intervening on his

behalf. *Plaintiff's Complaint* at 3. Black asserts that he sustained injuries to his right eye, head and back during the altercation and suffered adverse effects from the mace for which the defendants denied him medical treatment. *Id.* Finally, Black alleges that the defendants issued a citation against him for assault based on fabricated evidence.

The defendants deny violating Black's constitutional rights during his altercation with state correctional officials on July 1, 2003. Specifically, defendants Black and Glover maintain that they did not participate in the cell extraction about which Black complains nor were they present at the time of the altercation. The defendants dispute the nature of the injuries suffered by Black and maintain that he received adequate medical treatment for his injuries. The defendants likewise deny that they relied on fabricated evidence when issuing the inmate citation against Black for assault.

Medical records demonstrate that jail officials escorted Black to the medical clinic on the date that the incident occurred. *Defendants' Exhibit 1 - Houston County Jail Medical Record of Wayne Black - Entry for July 1, 2003*. At this time, Dr. Sam Banner performed a thorough physical examination of the plaintiff relative to complaints of neck and back pain preceding the altercation with correctional officials and for complaints related to this altercation. *Defendants' Exhibit B - Affidavit of Darla Jane Speigner* at 3; *Defendants' Exhibit 1 - Houston County Jail Medical Record of Wayne Black - Entry for July 1, 2003*. This examination revealed "no objective sign of injury other than some slight swelling to the

right side of plaintiff's face[,]" *Affidavit of Speigner* at 3, and "the usual effects from the use of pepper spray. The Plaintiff's eyes were red, a little puffy and teary and he had a runny nose." *Defendants' Exhibit A - Affidavit of Walter L. Bowers* at 3.

## II. STANDARD OF REVIEW

To survive the properly supported motion for summary judgment filed by the defendants, Black is required to produce some evidence which would be admissible at trial supporting each of his constitutional claims. Rule 56(e), *Federal Rules of Civil Procedure*. Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). To meet this standard, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576 -1577 (11th Cir. 1990). A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Consequently, when a plaintiff fails to make a showing adequate to establish the existence of an element essential to his case, and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322; *Barnes v. Southwest Forest Industries,*

*Inc.*, 814 F.2d 607 (11th Cir. 1987). Where all the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987); *Wright v. Southland Corp.,* 187 F.3d 1287 (11th Cir. 1999); *Pritchard v. Southern Co. Servs.,* 92 F.3d 1130, 1135 (11th Cir. 1996); *McMillian v. Johnson,* 88 F.3d 1573, 1584-85 (11th Cir. 1996). Summary judgment is therefore appropriate when the pleadings, admissible evidentiary materials and affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), *Federal Rules of Civil Procedure*; *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir.1990). Although factual inferences must be viewed in a light most favorable to the non-moving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

### III.  DISCUSSION

**A.  Deliberate Indifference to Safety - Failure to Protect from Excessive Force**

Black complains that defendants Glover and Bowers watched as state correctional officers, without justification, assaulted him and failed to intervene on his behalf during the

assault. The defendants, however, maintain that they were not present during the incident and that all evidence available to them indicates that Black disobeyed orders and resisted the officers during their removal of him from his cell "which resulted in the Plaintiff being taken to the ground in order to regain control of him. . . . After the Plaintiff's refusal to comply with the State officers' Order to get on the floor and the Plaintiff's continued struggle, one of the State CRT members sprayed the plaintiff with non lethal 'cap stun' type pepper spray . . . to get his hands behind his back and to get him to quit fighting them." *Defendants' Exhibit A - Affidavit of Walter L. Bowers* at 3.

    1. <u>Absolute Immunity</u>. To the extent Black sues the defendants in their official capacities, they are immune from monetary damages. Official capacity lawsuits are "in all respects other than name, . . . treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985). Under all facets of Alabama law, a county sheriff and his jailers act as state officers "when supervising inmates and otherwise operating the county jails." *Turquitt v. Jefferson County, Alabama*, 137 F.3d 1285, 1289 (11th Cir. 1998); *see* Ala. Const. Art. V, § 112 (designates sheriff as member of State's executive department); *see also Parker v. Amerson*, 519 So.2d 442 (Ala. 1987) (county sheriff is executive officer of the State). "A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's

immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996). Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity. Therefore, Alabama state officials are immune from claims brought against them in their official capacities." *Lancaster v. Monroe County*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing, it is clear that the defendants are state officials entitled to Eleventh Amendment immunity when sued in their official capacities. Thus, the defendants are entitled to absolute immunity from the claims asserted by the plaintiff against them in their official capacities.

2. Qualified Immunity. Defendants Glover and Bowers argue that they are entitled to qualified immunity on Black's claim that they failed to protect him from the use of excessive force. A defense of qualified immunity is generally unavailable in cases involving excessive force because the use of force "maliciously and sadistically to cause harm" is clearly established to be a constitutional violation. *Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002), citing *Hudson v. McMillian*, 503 U.S. 1 (1992), and *Whitley v. Albers*, 475 U.S. 312 (1986). Defendants are not entitled to qualified immunity when a plaintiff properly pleads excessive force resulting from a failure to protect by the defendants. Black has properly pled his claim for relief. Thus, the only question in this case is whether Black has

alleged facts sufficient to survive a motion for summary judgment. *Id.* Accordingly, this court will consider the sufficiency of Black's allegation that defendants Glover and Bowers failed to protect him from the use of excessive physical force.

In *Hudson*, the Court held that the use of excessive physical force against a prisoner may constitute cruel and unusual punishment even though the prisoner does not suffer serious injuries. *Hudson* further confirms that resolution of excessive force cases is controlled by the analysis set forth in *Whitley*. Under *Whitley*, the core inquiry is whether the force was applied in a good faith effort to maintain or restore discipline or applied maliciously and sadistically for the purpose of causing harm. An excessive force claim "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9-10 (quoting *Whitley*, 475 U.S. at 327. In *Hudson*, the Court did not define "*de minimis* use of force" but suggested that the degree of injury received is at least relevant to determining whether more than *de minimis* force was used. *Id.* at 10.

Black alleges that he suffered several injuries as a result of being slammed to the floor and sprayed with mace. It is questionable whether Black suffered anything more than minor injuries, but the extent of his injuries is only one factor for consideration. While the absence of serious injury is relevant to an Eighth Amendment inquiry, it does not end this inquiry. *Hudson*, 503 U.S. at 7; *Skrtich*, 280 F.3d at 1304 n.8, citing *Perry v. Thompson*, 786 F.2d

1093, 1095 (11th Cir. 1986); *Smith v. Mensinger*, 293 F.3d 641, 649 (3rd Cir. 2002) (considering the *de minimis* nature of injuries is an issue of fact to be resolved by the fact finder based on the totality of the evidence); *Brooks v. Kyler*, 204 F.3d 102, 103 (3rd Cir. 2000) (holding that there is "no fixed minimum quantity of injury that a prisoner must prove that he suffered" in order to state an excessive force claim). The court must also consider the need for the application of force, the amount of force exerted, the threat reasonably perceived by the official and any efforts to temper the severity of the forceful response. *Id.* Under the requisite liberal review of the complaint, Black asserts that defendants Glover and Bowers acted with deliberate indifference by failing to protect him from the use of excessive physical force. In response to this claim, the defendants deny that they were present during the altercation and dispute the facts as submitted by Black. Jail officials may be held liable under the Constitution for acting with "deliberate indifference" to an inmate's safety when the official knows that the inmate faces "a substantial risk of serious harm" and with such knowledge disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). A constitutional violation occurs only when a plaintiff establishes the existence of "a substantial risk of serious harm, of which the official is subjectively aware, . . . and [that] the official does not respond[] reasonably to the risk'...." *Marsh v. Butler County*, 268 F.3d 1014, 1028 (11th Cir. 2001)(en banc), *quoting Farmer*, 511 U.S. at 844. Thus, in order to survive summary judgment on this claim, the plaintiff is

9

"required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendant['s] deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).

> To be deliberately indifferent, Defendants must have been "subjectively aware of the substantial risk of serious harm in order to have had a '"sufficiently culpable state of mind."'" *Farmer,* 511 U.S. at 834-38, 114 S.Ct. at 1977-80; *Wilson v. Seiter,* 501 U.S. 294, 299, 111 S.Ct. 2321, 2324-25, 115 L.Ed.2d 271 (1991).... Even assuming the existence of a serious risk of harm and causation, the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists--and the prison official must also "draw that inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979.

*Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003).

The facts, when viewed in the light most favorable to the plaintiff, establish that defendants Glover and Bowers had knowledge of specific facts from which an inference could be drawn that a substantial risk of harm existed to Black, that the defendants actually drew this inference and thereafter ignored this risk. The court therefore concludes that defendants Glover and Bowers are not entitled to qualified immunity as Black has alleged facts sufficient to survive a motion for summary judgment. Consequently, the motion for summary judgment relative to the alleged deliberate indifference to Black's safety by defendants Glover and Bowers is due to be denied.

### B. The Fabricated Citation Claim

Black complains that the defendants relied on fabricated evidence to issue a citation against him for assault arising from the altercation with correctional officials on July 1, 2003. Based on the nature of this claim, the court construes it as one alleging the use of false information for disciplinary purposes. The defendants maintain that Black's actions during the shakedown of his cell constituted the basis for the assault citation. *Defendants' Exhibit A - Affidavit of Walter L. Bowers* at 3. It is therefore clear that the defendants do not admit that the information contained in the inmate citation is either fabricated or false. While *Monroe v. Thigpen*, 932 F.2d 1437 (11th Cir. 1991), establishes a constitutional claim for the knowing use of false information by prison officials, the instant case is controlled by *Slocum v. Georgia State Bd. of Pardons and Paroles*, 678 F.2d 940 (11th Cir.1982). In *Slocum*, the Court held that prisoners do not state a due process claim by merely asserting that erroneous information may exist in their prison files. Moreover, "prisoners cannot make a conclusory allegation regarding the use of [false] information as the basis of a due process claim." *Jones v. Ray*, 279 F.3d 944, 946 (11th Cir. 2001). Black merely asserts that the defendants based the inmate citation on false information. This does not state a claim for relief and the defendants are therefore entitled to summary judgment.

### C. The Medical Treatment Claim

To prevail on an Eighth Amendment claim concerning an alleged denial of adequate medical treatment, an inmate must, at a minimum, show that those responsible for providing

medical treatment acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Taylor v. Adams*, 221 F.3d 1254 (11th Cir. 2000); *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989); *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir.1986). Specifically, jail personnel may not subject inmates to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106, 97 S.Ct. at 292; *Mandel v. Doe*, 888 F.2d 783, 787 (11th Cir.1989). "In articulating the scope of inmates' right to be free from deliberate indifference, however, the Supreme Court has also emphasized that not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.' *Estelle,* 429 U.S. at 105, 97 S.Ct. at 291; *Mandel,* 888 F.2d at 787. Medical treatment violates the eighth amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.' *Rogers,* 792 F.2d at 1058 (citation omitted). Mere incidents of negligence or malpractice do not rise to the level of constitutional violations. *See Estelle,* 429 U.S. at 106, 97 S.Ct. at 292 ('Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.'); *Mandel,* 888 F.2d at 787-88 (mere negligence or medical malpractice 'not sufficient' to constitute deliberate indifference); *Waldrop,* 871 F.2d at 1033 (mere medical malpractice does not constitute deliberate indifference). Nor does a simple difference in medical opinion between the prison's medical

staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment. *See Waldrop,* 871 F.2d at 1033 (citing *Bowring v. Godwin,* 551 F.2d 44, 48 (4th Cir.1977))." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991). A defendant may be held liable under the Eighth Amendment only for acting with deliberate indifference to an inmate's health when the provider knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825 (1994). Moreover, the mere fact that a prisoner desires a different mode of medical treatment does not amount to deliberate indifference. *Hamm v. DeKalb County*, 774 F.2d 1567 (11th Cir. 1985).

The undisputed evidentiary materials submitted by the defendants demonstrate that Black received medical treatment on the day of the altercation with correctional officials. These records further establish that jail medical personnel continuously and routinely examined Black, evaluated his complaints, prescribed various medications and responded in an appropriate manner to his numerous requests for treatment. *See Defendants' Exhibit 1 - Medical Records of Wayne Black.* Black presents no evidence which indicates that the defendants in any way disregarded a substantial risk to his health. Consequently, he has failed to establish that the defendants acted with deliberate indifference to his medical needs. Summary judgment is therefore due to be granted in favor of the defendants on the medical treatment claim.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims for monetary damages against the defendants in their official capacities be DISMISSED as the defendants are entitled to absolute immunity from these claims.

2. The motion for summary judgment be GRANTED with respect to the fabricated citation and medical treatment claims.

3. The motion for summary judgment with respect to the plaintiff's claim that defendants Glover and Bowers acted with deliberate indifference to his safety in failing to protect him from the use of excessive force be DENIED.

4. Defendant Turner be DISMISSED as a party to this cause of action.

5. The plaintiff's claim that defendants Glover and Bowers acted with deliberate indifference to his safety in failing to protect him from the use of excessive force be set for a jury trial.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before February 1, 2006. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982). See Stein v. Reynolds Securities, Inc., 667 F.2d 33 (11th Cir. 1982). See also Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 18th day of January, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE