**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **WAYNE BLACK, #137192** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTON NO.: 1:03-CV-734-MEF** |
| **v.** | ) | |
| | ) | **(WO-Not Recommended for Publication)** |
| **LAMAR GLOVER, et. al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER ON PRETRIAL HEARING**

A pretrial hearing was held in the case on September 5, 2006, wherein the following

proceedings were held and actions taken:

1.     **PARTIES AND TRIAL COUNSEL:**

    For Plaintiff Wayne Black: Pro Se

    For Defendants Walter L. Bowers and Lamar Glover:

                Gary C. Sherrer, Esq.
                Sherrer, Jones & Terry, P.C.
                335 W. Main Street
                Dothan, Alabama  36301

    **COUNSEL APPEARING AT PRETRIAL HEARING:**

    For Plaintiff:        Pro Se

    For Defendants:     Gary C. Sherrer, Esq.

2.     **JURISDICTION AND VENUE:**

This action is based upon 42 U.S.C. § 1983 and the Eighth and Fourteenth

Amendments to the United States Constitution.

The defendants reside in Houston County, Alabama, and the unlawful acts alleged within the Plaintiff's complaint are alleged to have occurred in Houston County, Alabama. Thus venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3.       **PLEADINGS:** The following pleadings and amendments were allowed:

(a)       Plaintiff's Complaint.

(b)       Defendants' Special Report and Answer with exhibits.

4.       **CONTENTIONS OF THE PARTIES:**

(a) The plaintiff

Black asserts that members of the Critical Response Team for the Alabama Department of Corrections (i.e. the state officers) assisted by Officer Bush and Office Boston escorted Black from his cell to conduct the requisite search. Black asserts that at this time and without justification the state officers slammed him to the floor, banged his face on the floor, hit him in the right eye, jumped on his back with their knees, and sprayed mace into his eyes. Black complains that defendants Glover and Bowers watched the whole incident without intervening on his behalf. Black asserts that he sustained injuries to his right eye, head, and back during the altercation and that he suffered adverse effects from the mace.

(b) The defendants former Commander Walter Bowers and Sheriff Lamar Glover:

Sheriff Glover and former Commander Bowers contend that they were not physically present at the scene when the plaintiff had to be subdued and restrained by the State Officers

such that they could have intervened in the actions of the State Officers had such intervention been necessary.  Both Sheriff Glover and Bowers were in another area of the jail at the time the events complained of by plaintiff allegedly occurred and were not directly or personally involved in the incident made the basis of plaintiff's complaint.

Defendants contend that they were not physically present when the plaintiff was being escorted by members of the State Department of Corrections Critical Response Team unit ("State Officers") and the plaintiff reportedly resisted the State Officers physically.  The Plaintiff refused to comply with the State Officer's orders to lie down which resulted in the Plaintiff being taken to the floor in order to regain control of him.  Reportedly it took six (6) officers to restrain the Plaintiff as he was struggling and kicking and refusing to comply with instruction.  After the Plaintiff's refusal to comply with the State officers' Order to get on the floor and the Plaintiff's continued struggle, one of the State CRT members sprayed the Plaintiff with non lethal "cap-stun" type pepper spray.  Reportedly, the Plaintiff had to be sprayed in order to get his hands behind his back and to get him to quit fighting them. Extreme situations such as the one presented by the Plaintiff require the use of chemical agents against inmates.

Defendants contend that the Plaintiff's head was not bashed to the floor as he claims. There was no evidence of injury to the Plaintiff except for the usual side effects from the use of pepper spray.  The Plaintiff's eyes were red, a little puffy and teary and he had a runny nose.  The Plaintiff does not have any continuing loss of vision, headaches or back injury as

a result of the events made the basis of this lawsuit.

Defendants having read the file reports related to the incident made the basis of plaintiff's complaint contend that the force reportedly used by the State Officers was used in a good faith effort to protect themselves and other inmates from the threat posed by the plaintiff's ongoing aggressive behavior, physical resistance, attempt to assault one or more of the State Officers, to restore and maintain discipline, to restore and maintain order and to restore and maintain the safety and security of the jail for the State Officers, the Jail Officers and the other jail inmates alike within the Houston County Jail.  The force used in this case was necessary to maintain good order and restore discipline and was used to provide for the safety of the State Officers and others.

Commander Bowers and Sheriff Glover also assert the following:

i.        Plaintiff is not entitled to any relief requested in the Complaint.

ii.       There is no causal relation between the acts of the defendants and any injury or damage allegedly suffered by the Plaintiff.

iii.      All actions were taken in good faith effort to restore good order and discipline in the jail.

iv.      All alleged claims by the plaintiff that his claimed injuries were caused by an alleged deprivation of civil rights are denied.

v.       The defense of qualified immunity is affirmatively asserted.  Further, said Defendants plead the privileges, qualified immunities, absolute

immunities, defenses and good faith immunities given to Sheriffs and

corrections officers in this case.

vi.     Plaintiff's injuries and damages, if any, were a result or consequence

of his own actions and thus were caused by his own supervening,

independent or intervening conduct or acts over which the defendants

had no control or right of control.

vii.    Plaintiff cannot recover under his claims against Sheriff Glover and

former Commander Bowers in their individual and official capacities.

viii.   Sheriff Glover and former Commander Bowers are officers of the State

of Alabama and therefore are entitled to sovereign immunity.

ix.     Sheriff Glover and former Commander Bowers assert the statutory

immunity provided by Act of the Alabama Legislature, designated as

*Act Number 94-640*, effective April 26, 1994, and codified as *ALA*

*CODE* § 6-5-338, which provides absolute immunity to all peace

officers and governmental units.

x.      Former Commander Bowers and Sheriff Glover incorporate by

reference all of the averments contained in their answer filed in this

case.

xi.     There is no causal relation between the acts of the defendants and any

injury or damage allegedly suffered by the Plaintiff.

xii.        Defendants affirmatively deny any and all alleged claims by the

Plaintiff concerning his alleged deprivation of civil rights.

xiii        Plaintiff's Complaint does not allege a violation of rights secured by the

United States Constitution.

**5.        STIPULATIONS BY AND BETWEEN THE PARTIES:**

The Parties have stipulated the following for purposes of trial:

a.  Walter L. Bowers is the former Commander for Jail Operations for the Sheriff in

the Houston County Jail and was serving in that capacity on July 1, 2003.

b.  Lamar Glover is the Sheriff of Houston County, Alabama and was serving in that

capacity on July 1, 2003.

c.  On July 1, 2003, officers with the Houston County Critical Response Team and a

Critical Response Team for the Alabama Department of Corrections entered the Houston

County Jail to perform searches for contraband.

d.  Medical records demonstrate that jail officials escorted Black to the Houston

County Jail's medical clinic on the date that the incident occurred.  At this time, Dr. Sam

Banner performed a physical examination of the Plaintiff.


It is ORDERED that:

(1)    The jury selection and trial of this cause, which is to last one to two (1-2) days, are set
for **October 2, 2006**, at **10:00 a.m.** at the United States Courthouse in Dothan, Alabama;

(2)    A trial docket will be mailed to counsel for each party approximately two weeks prior

to the start of the trial term;

(3)    The parties are to file their pre-trial briefs, *if any*, by **September 25, 2006**;

(4)    Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), **three copies** of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;

(5)    All deadlines not otherwise effected by this order will remain as set forth in the Uniform Scheduling Order (Doc. #18) entered by the court on February 15, 2006;

(6)    All understandings, agreements, deadlines, and stipulations contained in this Pretrial Order shall be binding on all parties unless this Order be hereafter modified by Order of the Court.

    DONE this 15th day of September, 2006.


                                    /s/ Mark E. Fuller
                                    CHIEF UNITED STATES DISTRICT JUDGE