IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WAYNE BLACK, #137192, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTON NO.: 1:03-CV-734-MEF |
| v. | ) |
| | ) |
| LAMAR GLOVER, et al., | ) |
| | ) |
| Defendants. | ) |

**REQUESTED JURY CHARGES
OF DEFENDANTS, SHERIFF LAMAR GLOVER
AND FORMER COMMANDER WALTER BOWERS**

Defendants, **SHERIFF LAMAR GLOVER and former Commander WALTER L. BOWERS**, request the Court to submit the attached Requested Jury Charges to the jury, and to instruct the jury that said Jury Charges are correct statements of law as applied to the facts in this case.

**REQUESTED JURY CHARGES**

CHARGE NO. 1

The Plaintiff, at the time of the incident made the basis of his complaint, Plaintiff was a post-conviction prisoner. As a result, Defendants request this Court to instruct that in accordance with Eleventh Circuit Pattern Jury Instructions (Civil), Instruction Number 2.3.1 "Civil Rights 42 U.S.C. § 1983 Claims, Eight Amendment Claim, Convicted Prisoner Alleging Excessive Force" with regard

1

to the alleged actions of the non-defendant members of the Critical Response Team for the Alabama Department of Corrections that Plaintiff alleges occurred in the physical presence of Sheriff Lamar Glover and former Jail Commander Walter L. Bowers.

Given _____<br>Refused _____

**CHARGE NO. 2**

"Use of force must be judged on a case-by-case basis 'from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'"

Post v. City of Fort Lauderdale, 7 F.3d 1552, 1559 (11th Cir. 1993), as amended, 14 F.3d 583 (11th Cir. 1993).

Given _____<br>Refused _____

**CHARGE NO. 3**

"It is not necessary that a police officer actually participate in the use of excessive force in order to be held liable under Section 1983. Rather, an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance."

If you find that the state officers of the Critical Response Team for the State of Department of Corrections, without legal justification and without good faith used excessive force against the plaintiff, it is not necessary that Sheriff Lamar Glover and former Commander Walter Bowers actually participated in that use of excessive force in order to be held liable. Rather an officer who is present at the scene of the use of excessive force and who fails to take reasonable steps to protect

2

the victim of another officers use of excessive force, can be held liable for his nonfeasance.

Fundiller v. City of Cooper City, 777 F.2d 1436, 1442 (11th Cir. 1985).

Given   _____<br>
Refused  _____

## CHARGE NO. 4

"Under the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is applied 'in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm.'"

Skrtich v. Thornton, 280 F.3d 1295, 1301 (11th Cir. 2002).

Given   _____<br>
Refused  _____

## CHARGE NO. 5

If an officer fails or refuses to intervene when other officers use excessive force "maliciously and sadistically to cause harm" such as when an unprovoked beating of an inmate takes place in his presence, the officer may be directly liable for the constitutional violation.

Skrtich v. Thornton, 280 F.3d 1295, 1301-1302 (11th Cir. 2002).

Given   _____<br>
Refused  _____

## CHARGE NO. 6

"To determine if an application of force was applied maliciously and sadistically to cause harm, a variety of factors are considered including: 'the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the

responsible officials, and any efforts made to tempter the severity of a forceful response.' From consideration of such factors, 'inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that is occur.'"

Skrtich v. Thornton, 280 F.3d 1295, 1301-1302 (11th Cir. 2002).

Given  _____<br>Refused _____

**CHARGE NO. 7**

Not every injury inflicted by a prison or jail official constitutes a violation of the Eight Amendment. "Not every push or shove, even if it may seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights."

Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir.) cert. denied, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Fed.2d 324 (1973).

Given  _____<br>Refused _____

**CHARGE NO. 8**

"The language of the Eighth Amendment, '[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted,' manifests 'an intention to limit the power of those entrusted with the criminal-law function of government.

Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084-1085 (1986).

Given  _____<br>Refused _____

4

**CHARGE NO. 9**

"When the 'ever-present potential for violent confrontation and conflagration,' ripens into actual unrest and conflict, the admonition that 'a prison's internal security is peculiarly a matter normally left to the discretion of prison administrators,' carries special weight. 'Prison administrators ... should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.' That deference extends to a prison security measure taken in response to an actual confrontation with inmates, just as it does to prophylactic or preventive measures intended to reduce the incidence of these or any other breaches of prison discipline. It does not insulate from review actions taken in bad faith and for no legitimate purpose, but it requires that neither judge nor jury freely substitute their judgment for that of officials who have made a considered choice."

Whitley v. Albers, 475 U.S. 312, 322-323, 106 S.Ct. 1078, 1086 (1986).

                                                                      Given     _____
                                                                      Refused  _____

**CHARGE NO. 10**

"Corrections officials must make their decisions 'in haste, under pressure, and frequently without the luxury of a second change.'" As a result, "the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'"

Hudson v. McMillian 503 U.S. 1, 7, 112 S.Ct. 995, 999 (1992).

|  | Given | _____ |
|---|---|---|
|  | Refused | _____ |

**CHARGE NO. 11**

In order to be a violation of the Eight Amendment, the conduct of the non-defendant members of the Critical Response Team for the Alabama Department of Corrections must rise to the level of punishment "inconsistent with contemporary standards of decency" and "repugnant to the conscience of mankind."

Brown v. Smith, 813 F.2d 1187, 1188 (11th Cir. 1987).

Respectfully submitted this the 25th day of September, 2006.

\s\ Gary C. Sherrer
GARY C. SHERRER, ATTORNEY FOR
THE ABOVE-REFERENCED DEFENDANTS
Alabama Attorney Code No. SHE-016

OF COUNSEL:

SHERRER, JONES & TERRY, P.C.
335 WEST MAIN STREET
DOTHAN, ALABAMA 36301
(334) 678-0100

## **CERTIFICATE OF SERVICE**

I, Gary C. Sherrer, do hereby certify that I have served a copy of the foregoing upon

>Wayne Black, AIS #137192
>c/o Kilby Correctional Facility
>Post Office Box 150
>Mt. Meigs, Alabama 36057

by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this the 25th day of September, 2006.

\s\ Gary C. Sherrer
OF COUNSEL