FILED

OCT 3 2006

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WAYNE BLACK, #137192, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTON NO.: 1:03-CV-734-MEF |
| LAMAR GLOVER, et al., | ) ) ) |
| Defendants. | ) ) |

## MOTION FOR DIRECTED VERDICT ON BEHALF OF DEFENDANTS AT THE CLOSE OF THE PLAINTIFF'S CASE

Defendants, SHERIFF LAMAR GLOVER and former Commander WALTER L. BOWERS, (the "Defendants"), move the Court to direct a verdict in its favor and against the Plaintiff on the claims made in the Complaint filed in this case, and in support thereof submits the following:

1. The Plaintiff has failed to establish by substantial evidence that the Defendants were deliberately indifferent to the Plaintiff's physical safety in the Houston County Jail.

2. The Plaintiff's Complaint is not supported by the evidence in that:

   a. The Plaintiff has failed to present substantial evidence making a prima facie case against the Defendants;

   b. There is no substantial evidence tending to prove the material allegations of the Plaintiff's Complaint;

   c. There is no substantial evidence upon which a jury could properly proceed to find a verdict for the Plaintiff and against the Defendants under the Plaintiff's Complaint; and

    d.    There are no controverted issues of fact upon which reasonable men could differ.

3. The Plaintiff has failed to establish by substantial evidence from which a jury could properly conclude by a preponderance of the evidence that the Defendants were deliberately indifferent to the Plaintiff's safety within the Houston County Jail.

4. The Plaintiff has failed to establish by substantial evidence from which a jury could properly conclude by a preponderance of the evidence that he suffered any substantial injury as a proximate result of the alleged deliberate indifference to the Plaintiff's safety in the Houston County Jail.

5. The Defendants would affirmatively show that they breached no legal duty owed to the Plaintiff and are not legally liable to the Plaintiff.

6. The Plaintiff has failed to establish by substantial evidence from which a jury could properly conclude by a preponderance of the evidence that the Plaintiff has incurred medical, pharmaceutical and other expenses or damages proximately caused by the Defendants' alleged deliberate indifference to the safety of the Plaintiff.

7. It affirmatively appears from the undisputed evidence that the Plaintiff's actions were the proximate cause of his injuries on the occasion complained of in the Complaint.

8. It affirmatively appears from the undisputed evidence that the Plaintiff's injuries and damages, if any, were caused by his own actions or the actions of the officers of the State of Alabama Department of Corrections.

9. The Plaintiff has failed to establish by clear and convincing evidence from which a jury could properly conclude by a preponderance of the evidence that the Defendants were present at the time of the incident made the basis of this Complaint.

Respectfully submitted this 3rd day of October, 2006.

/s/ Gary C. Sherrer
GARY C. SHERRER, ATTORNEY FOR
THE ABOVE-REFERENCED DEFENDANTS
Alabama Attorney Code No. SHE-016

OF COUNSEL:

SHERRER, JONES & TERRY, P.C.
335 WEST MAIN STREET
DOTHAN, ALABAMA 36301
(334) 678-0100

## CERTIFICATE OF SERVICE

I, Gary C. Sherrer, do hereby certify that on October 3rd, 2006, I by hand delivery filed the foregoing with the Clerk and I hereby certify that I have hand delivered same to the plaintiff:

Inmate Wayne Black, AIS #137192
c/o Kilby Correctional Facility
Post Office Box 150
Mt. Meigs, Alabama 36057

/s/ Gary C. Sherrer
OF COUNSEL